**Piero CONTI, Petitioner,**

v.

**UNITED STATES IMMIGRATION SERVICE; W.J. Thompson, Warden, FCI Morgantown; U.S. Bureau of Prisons: and Jeannine Brady, Ins., Respondents.**

**Misc. A. No. 2:94mc45.**

United States District Court,
N.D. West Virginia,
Elkins Division.

Sept. 25, 1995.

Petitioner, pro se.

Daniel Dickinson, Asst. U.S. Attorney, Wheeling, WV, for respondents.

### MEMORANDUM OPINION

MAXWELL, District Judge.

Petitioner, a federal prisoner incarcerated at the federal correctional facility at Morgantown, West Virginia, has filed a *pro se* petition for writ of mandamus pursuant to the Mandamus and Venue Act of 1962, 28 U.S.C. § 1361, seeking to compel the Immigration and Naturalization Service (INS) to hold a prompt deportation hearing, or, in the alternative, to remove the detainer placed by INS. By Order entered December 2, 1994, the Court directed the United States Attorney for the Northern District of West Virginia, on behalf of the respondents, to answer the petition. Said order also enjoined the Bureau of Prisons and the Warden of FCI Morgantown from transferring the petitioner from FCI Morgantown to another facility without prior notice to the Court.

The respondents filed an Answer on February 2, 1995, in which it is urged that the petitioner has no private cause of action to compel a prompt deportation hearing; has named the wrong parties; has failed to state a claim upon which relief can be granted; and does not have a due process right to enjoin his transfer to FCI Oakdale, Louisiana, a federal corrections facility represented to be a location where INS deportation proceedings take place. On February 8, 1995, petitioner filed a reply brief. On May 23, 1995, petitioner filed a Motion to Amend the Petition. Having heard no opposition to the Motion to Amend, it is

**ORDERED** that petitioner's Motion to Amend be, and the same is hereby, **GRANTED,** and that the motion shall be construed as the amended pleading.

On September 20, 1995, the respondents filed a Notice reflecting that petitioner's deportation hearing was imminent and that Bureau of Prison officials were preparing to transfer petitioner to FCI Oakdale, Louisiana, where the deportation hearing will take place. The Court has determined that this matter can be resolved without a hearing, and the matter is mature for disposition.

Petitioner, an Italian national, having been convicted of money laundering, was sentenced to a term of imprisonment in the United States Bureau of Prisons. The petitioner is currently incarcerated at FCI Morgantown, a federal facility within the Northern District of West Virginia. His scheduled release date is January 31, 1996.

The Immigration and Naturalization Service has filed a detainer with the Bureau of Prisons reflecting that an investigation has been initiated to determine whether the petitioner is subject to deportation.

The immediate allegation which was raised by the petition is now moot. Petitioner complained that he was being denied the opportunity for a prompt deportation hearing and that the INS detainer was preventing him from participating in furlough or pre-release community programs. By virtue of the Notice filed September 20, 1995, it is represented by respondents that the deportation hearing requested by petitioner is im-

minent, and no further relief can be awarded by the Court in this regard.[1]

Petitioner also claims that, if he is transferred to FCI Oakdale, Louisiana for his deportation hearing, he will be unable to present necessary witnesses in defense of deportation, thus, depriving him of due process. The Court is without jurisdiction to consider his request inasmuch as it seeks prospective relief. In the event petitioner is unable to present necessary witnesses at his deportation hearing in Louisiana, he can raise his claims to the appropriate district court with jurisdiction at that time.

For the reasons expressed herein, an Order will be entered which denies as moot the Petition for Writ of Mandamus and dismisses the above-styled miscellaneous action.

---

**1.** Given the fact that it has been represented to the Court that petitioner will now receive a deportation hearing, it is not necessary for the Court to resolve the standing issue. The Court recognizes, however, that the case upon which petitioner relies, *Soler v. Scott,* 942 F.2d 597 (9th Cir.1991), holding that an alien prisoner may state a claim under 28 U.S.C. § 1361 to compel the INS to hold a prompt deportation hearing, was vacated as moot by the United States Supreme Court, —— U.S. ——, 113 S.Ct. 454, 121 L.Ed.2d 364 (1992), and that the majority view now firmly holds that a convicted alien does not have standing to compel the INS to hold a prompt deportation hearing although Congress has mandated that the INS do so. *See,* 8 U.S.C. § 1252(i).